UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.G.,<br><br>                     Plaintiff,<br><br>     v.<br><br>RINCON VALLEY UNION SCHOOL DISTRICT,<br><br>                     Defendant. | Case No.  24-cv-00600-SK<br><br>**ORDER TO SHOW CAUSE** |

The parties initiated this action with a joint petition seeking court approval of a settlement agreement.  (Dkt. No. 1.)  The parties have invoked the Court's federal question jurisdiction based on federal claims that are settled through the agreement.  According to the petition, the parties executed the settlement agreement in December 2023, which contains a condition that "Petitioner shall . . . prepare and file a Petition with a court of competent jurisdiction for approval of the Agreement as a valid compromise of" the minor child's rights.  (Dkt. No. 1-2, § (3)(a)(iii).)

Federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate:  those cases involving a federal question, diversity of citizenship (where the parties are from diverse states), or those cases in which the United States is a party.  *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Id.* at 377.

In addition, federal courts are limited to adjudicating matters that are live "Cases and Controversies" within the meaning of the Constitution.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016), quoting U.S. Const. art. III, § 2.  "This is a 'bedrock requirement.'"  *Raines v. Byrd*, 521

1  U.S. 811, 818 (1997), quoting, *Valley Forge Christian College v. Americans United for*
2  *Separation of Church and State, Inc*., 454 U.S. 464, 471 (1982).  "No principle is more
3  fundamental to the judiciary's proper role in our system of government than the constitutional
4  limitation of federal-court jurisdiction to actual cases or controversies."  *Simon v. Eastern Ky.*
5  *Welfare Rights Organization*, 426 U.S. 26, 37 (1976).

6  Therefore, the Court hereby issues an ORDER TO SHOW CAUSE setting forth how this
7  Court is a court of competent jurisdiction to approve the settlement agreement, in light of the
8  foregoing jurisdictional principles.  The parties have until March 4, 2024, to submit a written
9  statement describing how this matter is justiciable in the federal courts, specifically addressing
10 standing and mootness.  If the parties fail to provide a written statement in compliance with this
11 order, the Court will reassign this matter to a district judge with a recommendation to dismiss the
12 case for want of jurisdiction.

13 **IT IS SO ORDERED**.

14 Dated: February 7, 2024

_____
SALLIE KIM
United States Magistrate Judge